# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAE JAVAR COMPTON, | ) | |
| | ) | **ORDER,** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| K. WATKINS, et al., | ) | 1:10CV213 |
| | ) | |
| Respondents. | ) | |

Plaintiff, while housed as a pretrial detainee in the Guilford County Jail (the Jail), originally filed this complaint under 42 U.S.C. § 1983 alleging that his civil rights had been violated because he was denied proper medical care; held in administrative segregation beyond a 10-day sentence for fighting; housed in filthy, crowded, and unhealthy conditions; and denied grievance forms that would allow him to grieve his other difficulties. Plaintiff represented in the complaint that he had filed grievances in March 2010 as to at least his prison conditions and healthcare claims, that he had appealed the issues to the highest administrative level possible, and that the grievances were denied in March 2010 (docket no. 2, § III). Plaintiff also attached eight Inmate Request Forms to his complaint which showed that he at least began the process of grieving some of his issues. In filing the complaint, Plaintiff sought to proceed *in forma pauperis* under 28 U.S.C. § 1915. His *in forma pauperis* application stated under penalty of perjury that he had not received money from any source in the prior twelve months, that there had been no deposits made

into his prison account in the prior six months, and that the balance of that account was $0.00 (docket no. 1).

Defendants responded to the complaint with an answer (docket no. 14), but also filed a Motion for Relief From Fraudulent Filings (docket no. 20). Plaintiff did not file what could be considered a formal response to that motion. However, he did file a motion seeking to amend his complaint (docket no. 22), a motion seeking to proceed *in forma pauperis* which appears to be another attempt to amend his complaint (docket no. 24), and a motion to have counsel appointed to represent him (docket no. 28). He does make some statements responsive to Defendants' motion in those filings. All of the parties' motions are now before the court for decision, but the court will address Defendants' motion first because points raised in that motion are dispositive of all matters in the case.

Defendants' Motion for Relief from Fraudulent Filings alleges that Plaintiff is part of a group of inmates who set out to defraud Defendants and other employees of the Jail by staging a concerted effort to file false or frivolous lawsuits. They allege that the suits often included faked and forged exhibits. Particular to this case, Defendants identify what they say are several discrepancies or falsehoods related to Plaintiff's filings. Specifically, they claim that Plaintiff falsified his assertion that he exhausted his administrative remedies, made false allegations on the merits, and made false statements on his *in forma pauperis* application concerning his receipt of money.

Having reviewed these matters, it is clear from the record before the court that at least two, and likely all three, of Defendants' contentions of false statements are true. Turning first to the question of exhaustion, this court has previously described the procedure for exhausting administrative remedies in the Jail as follows:

> These procedures clearly require several steps, beginning with an informal resolution process which must be initiated by the inmate, and proceeding to a written inmate request form, a response to that request, a grievance form (answered by the Division Commander), and a grievance appeal (answered by the Bureau Commander).

*Watkins v. Guilford County Sheriff's Department*, No. 1:06CV995, 2007 WL 4939049 at 3 (M.D.N.C. July 5, 2007). This procedure is similarly described in an exhibit attached to Plaintiff's motion to amend his complaint (docket no. 22, ex. A). Here, Plaintiff included exhibits with his complaint showing only that he made it through the process as far as filling out the written inmate request forms. However, he also made the allegation in the complaint that he fully grieved his claims through the highest level possible in the administrative process. It was not clear at the time of filing whether there might be more, as yet unfiled, exhibits supporting his claim of complete exhaustion of his administrative remedies. Defendants now state that complete exhaustion did not occur and that Plaintiff's attempts at exhaustion, with one minor exception[1], did not extend beyond the inmate request forms he attached

---

[1] In Defendants' motion, they describe another Inmate Request Form which was filed at the Jail by Plaintiff, but not attached to his complaint. It was dated March 2, 2010 and stated, quite specifically, that Plaintiff was on a vegan diet, that this meant he was supposed to get fruit with every meal, and that he was not receiving it. Defendant Reid responded the next day by informing Plaintiff that he had reviewed the policy and that fruit was included in each meal. He told Plaintiff that if he had future problems with his food
(continued...)

to his complaint. Plaintiff's response to this is that prison officials did not properly respond to his inmate request forms and did not provide him with grievance forms to proceed to the next level. Therefore, it appears that the forms attached to the complaint were his only attempts at exhaustion. His statement that he fully exhausted his claims using the Jail's full administrative process was false.

It also appears that Plaintiff made demonstrably false statements regarding his income and deposits into his inmate account. Despite his claims on four *in forma pauperis* applications filed in four separate cases that there were no such deposits in the six months prior to filing suit and that he had received no money from any source in the twelve months prior to filing suit, Defendants report that Plaintiff actually had $95.00 deposited in his account in the three months prior to filing this suit (docket no. 20 at 7). Petitioner then received another $100.00 before filing two more suits, cases 1:10CV264 and 1:10CV269, in which he made more false statements on *in forma pauperis* applications claiming that he had received no money into his trust account (both cases, docket no. 1). The *in forma pauperis* application in case 1:10CV264 was dated only one day after $40.00 was deposited into Plaintiff's account on March 31, 2010. Plaintiff then received $10.00 more before filing another false *in forma pauperis* application in case 1:10CV312 on April 22, 2010 (1:10CV312, docket no 1). Petitioner has filed no response to these

---

[1](...continued)
tray, he should tell the floor officer, who should contact the kitchen to correct the problem (docket no. 20 at 6). So far as the record indicates, this response fixed the lack of fruit on Plaintiff's tray.

allegations, either to deny or to explain them. Therefore, the court concludes that he did make untrue statements on his *in forma pauperis* applications in this and other cases.

As for Defendants' claims that Plaintiff included false allegations on the substance of his claims, the court has reviewed their contentions, and it appears that they are likely well-grounded. Still, because an analysis of those issues would venture into a discussion on the merits of the case and because, as will be explained next, this is not necessary, the court will not address them further.

Plaintiff's false statements could open him to a range of possible sanctions including, but not necessarily limited to, monetary sanctions, revocation of his status as a pauper, a ruling that the Defendants would be allowed to tell any eventual trier of fact of Plaintiff's false statements, dismissal of his case, and even a direction to the United States Attorney's Office to investigate whether Plaintiff should be indicted for perjury. Nevertheless, in reviewing Defendants' motion, it has come to the court's attention that this action must be dismissed for other reasons. Therefore, rather than proceed by having Plaintiff show cause why these sanctions should not be imposed, the court will instead put aside the question of sanctions and address the alternative reasons for dismissal.

As noted, Plaintiff is proceeding in this matter after being granted pauper status under 28 U.S.C. § 1915.[2] That statute directs that the court "shall dismiss the

---

[2] Albeit on the basis of false statements.

case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In making this determination, the court can consider affirmative defenses that could be raised by the Defendants. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). One affirmative defense that can be raised in a Section 1983 action filed by a prisoner is a failure to exhaust administrative remedies. *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). This is because the law requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.

Plaintiff quite plainly has not exhausted his administrative remedies as required under Section 1997e. In Plaintiff's motion to amend his complaint, he complains that he followed the required steps to get a grievance form, but was denied that form (docket no. 22 at 1). This can be construed as an attempt to argue that he attempted to exhaust his remedies, but was thwarted by officials at the Jail. Such a claim, if true, can excuse a failure to exhaust. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Nevertheless, the record in this case, as established by Plaintiff's own exhibits, demonstrates that this is not what occurred.

Jail policy, in an attempt to resolve inmate complaints without resorting to a formal grievance process, requires that inmates first communicate the complaint to

an officer, who will try to remedy the problem. If this is unsuccessful, the inmate can then describe the problem in an Inmate Request Form, to which Jail employees will again attempt to provide a remedy. Only when this is unsuccessful can inmates request and receive a grievance form (docket no. 22, ex. A). Attached to Plaintiff's complaint are eight Inmate Request Forms. Five of them deal with issues raised in this case, while the other three are irrelevant. On each of the five relevant forms, Plaintiff was instructed to raise an issue as to only one area. On the first form, dated March 1, 2010, Plaintiff stated "I would like a grievance form because I would like to challeng and complain about my prior and my current liveing situation and food arrangment Here at this Jail, I also would like to complain about my health care and miss treatment from doctor's and I also would like to challeng my prison condition" [sic] (docket no. 2, ex. 7). There are at least three obvious problems with that statement. One is that Plaintiff was told to address only one area of concern, but he raises at least three. Another is that Plaintiff does not provide any details which a responding Jail employee could use to remedy any problem. The statement only makes general allegations that there have been problems with the "living situation," "health care," and "prison condition." This leads to the third problem. Plaintiff does not appear to be using the form for its intended purpose of allowing his problems to be solved at an informal level. Instead, he is merely filling out the form as a way to proceed to the formal grievance process. This is not a good faith attempt at using the process that was in place.

Perhaps proceeding on the assumption that Plaintiff did not understand the process, Defendant Captain C. Reid responded to the request in writing by stating "If you will give sufficient information about the matters about which you are complaining, staff can attempt to resolve your concerns" (*id.*). That response was dated March 3, 2010. On that same day, Plaintiff filed two more Inmate Request forms containing statements nearly identical to the first, except that on one he added, "I want a grievance!" (*Id.* Exs. 1, 4.) Captain Reid responded to one of these forms on March 9, 2010, by stating again that Plaintiff needed to provide sufficient information (*id.* ex. 4). Another Jail employee responded to the other form on March 4, 2010, by telling Plaintiff that he needed to give more information and raise only one issue in a single form (*id.* ex. 1). Plaintiff then filed two more Inmate Request Forms on March 4, 2010 (*id.* exs. 5, 6). They again nearly duplicated the prior forms and received similar responses from Captain Reid. Plaintiff then made no further efforts to follow instructions or properly utilize the Jail's grievance procedures before completing and mailing his complaint only eleven days later on March 15, 2010.

In the end, the record shows that Plaintiff did not exhaust his administrative remedies as to any of his claims. Not only this, but he was not prevented from exhausting his claims by Defendants or other Jail employees. Instead, he did not exhaust his remedies because he refused to follow the instructions on the Inmate Request Forms or the requests of Captain Reid in answering these forms. This does

not meet Section 1997e's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("proper exhaustion," requires "compliance with an agency's deadlines and other critical procedures"). Plaintiff's entire complaint should be dismissed under Section 1915(e)(2) for failure to exhaust administrative remedies.

The recommendation that Plaintiff's complaint be dismissed based on his failure to exhaust obviously moots Defendants' Motion for Relief from Fraudulent Filings[3] and Plaintiff's motion seeking an appointment of counsel. Plaintiff also has filed a motion to amend his complaint and a motion entitled as one to proceed *in forma pauperis* which also seeks to add allegations to the complaint. Neither of these motions affects Plaintiff's failure to exhaust or seeks to add any valid claim. For that reason, they are also mooted and will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Relief from Fraudulent Filings (docket no. 20), Plaintiff's "Motion to the Court Amended Complaint" (docket no. 22), "Plaintiff's Motion to Proceed *in forma pauperis*" (docket no. 24), and Plaintiff's Motion for Appointment of Counsel (docket no. 28) are all denied for being moot.

---

[3] Plaintiff is no longer in custody at the Jail. For that reason, there does not appear to be a realistic chance of his filing any more suits based on false or fraudulent allegations against Defendants in the foreseeable future.

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted due to his failure to exhaust available administrative remedies.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
February 14, 2011